# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| USENS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHONGQING JUNMA NEW ENERGY AUTOMOBILE CO., LTD., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-00315-BLF<br><br>**ORDER RE DEFENDANT'S MOTION IN LIMINE**<br><br>[Re: ECF 51] |

In preparation for trial, which is set to begin on July 16, 2021, Defendant Chi Shi filed one motion in limine. *See* Mot., ECF 51. The Court rules as follows, for the reasons set forth below and as stated on the record at the June 17, 2021 pretrial conference.

## DEFENDANT CHI SHI'S MOTION IN LIMINE NO. 1 RE: EXCLUSION OF WITNESSES AND EVIDENCE NOT DISCLOSED

Mr. Shi moves to exclude Ping Sui and Yue Fei from testifying as witnesses on the basis that neither was timely disclosed. Mot. 1-3. Further, Mr. Shi moves to exclude any evidence related to or underlying the calculation of specific economic damages claimed by Plaintiff uSens, Inc., on the basis that uSens never provided a computation of damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). Mot. 3-4.[1] uSens responds that Mr. Sui was disclosed as soon as uSens learned about his existence, on or about April 21, 2021, which was after the cutoff of discovery, and Dr. Fei was timely disclosed as a non-retained expert 90 days before trial under Fed. R. Civ. P.

---

[1] Mr. Shi's motion also seeks to exclude an audio file, and any transcription thereof, produced by uSens on or about April 21, 2021, but counsel for uSens confirmed at the pretrial conference that uSens will not offer this as evidence. Accordingly, the Court need not rule on this aspect of Mr. Shi's motion.

26(a)(2)(C). See Opp'n, ECF 53.

Regarding the testimony of Mr. Sui, the Court is satisfied that uSens established that this information came to its attention after the close of discovery and was promptly disclosed months before trial, making its late disclosure substantially justified. As stated on the record, uSens must make Mr. Sui available for a deposition prior to trial. The deposition may be by audio or video remote technology. If he won't sit for a deposition, he cannot testify at trial. Accordingly, the Court DENIES the motion with respect to excluding Mr. Sui as a witness.

Regarding the testimony of Dr. Fei, the CEO of uSens, the Court finds that he was timely disclosed as a non-retained expert witness under Fed. R. Civ. P. 26(a)(2)(C). "As the advisory committee notes to Rule 701 recognize, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert." *Erhart v. BofI Holding, Inc.*, 445 F. Supp. 3d 831, 842 (S.D. Cal. 2020) (internal quotation and citation omitted). Accordingly, the Court DENIES the motion with respect to excluding Dr. Fei as a witness.

Regarding the computation of damages, the Court notes that under Rule 26,

> a party must, without awaiting a discovery request, provide to the other parties ... a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)(iii). "Rule 37 prohibits a party who fails to provide information as required by Rule 26 from using that information at trial unless the failure was substantially justified or is harmless." *Klamut v. Nibecker*, No. 15-CV-02132-MEJ, 2017 WL 1196725, at *2 (N.D. Cal. Mar. 31, 2017) (citing Fed. R. Civ. P. 37(c)(1)).

In response to an interrogatory, uSens provided Mr. Shi with a lost profit estimate of about ¥15 million or $2,142,857, based on the contract price of the Junma-Zhonggan-uSens contract. Mot. 3. Additionally, uSens informed Mr. Shi when it disclosed Dr. Fei as a non-retained expert that he would be testifying that unjust enrichment damages amount to ¥11 million (approximately

2

$1.7 million), the price at which uSens's allegedly stolen trade secrets were sold. Decl. of Trent Goulding, Ex. 2, Disclosure, ECF 51-1. As stated at the pretrial conference, the Court orders uSens to make Dr. Fei available for a deposition and to collect documentation from him supporting the sale price before producing those documents to Mr. Shi. The Court finds that Mr. Shi was on fair notice of these damage estimates, and any failure to fully comply with Rule 26 was harmless. Accordingly, the Court DENIES the motion to those two requests for damages and GRANTS the motion as to all other requests for damages. uSens is allowed to introduce testimony and evidence of damages relating to the ¥15 million Junma-Zhonggan-uSens contract and the ¥11 million sale of the trade secrets to Shadow Creator. uSens is barred from introducing testimony or evidence that relates to any other potential damages.

**IT IS SO ORDERED.**

Dated: June 22, 2021

BETH LABSON FREEMAN
United States District Judge