UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| USENS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHONGQING JUNMA NEW ENERGY AUTOMOBILE CO., LTD., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-00315-BLF<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT AGAINST REMAINING DEFENDANTS WITHOUT PREJUDICE**<br><br>[Re: ECF No. 64] |

Before the Court is Plaintiff's Motion for Default Judgment in this action alleging misappropriation of Plaintiff's trade secrets. *See* ECF No. 64 ("Motion"). Remaining defendants Chongqing Junma New Energy Automobile Co. Ltd. ("Junma"), Chongqing ZhongGan WeiShi Electronics Technology Co. Ltd. ("ZhongGan"), Chongqing Bruder Science & Technology Co. Ltd. ("Bruder"), Xiaofei Wu, and Anyu Cheng ("Defendants") have not appeared in this action. The Court previously found this matter suitable for submission without oral argument pursuant to Civ. L.R. 7-1(b). *See* ECF No. 65. For the reasons stated below, Plaintiff's Motion is DENIED WITHOUT PREJUDICE.

**I.  PROCEDURAL HISTORY**

Plaintiff filed this action on January 18, 2019, against Junma, ZhongGan, Bruder, Wu, Cheng, Chi Shi, and six other engineers who allegedly left uSens to work at ZhongGan. *See generally* Compl. Plaintiff voluntarily dismissed the six other defendant engineers without prejudice in January 2020. ECF No. 25. Defendant Shi executed a waiver of service and appeared through counsel. ECF No. 8. The Court approved service on the other remaining defendants by e-mail and mail after China's Central Authority could not locate them for service through the Hague Convention. ECF No. 26. After those defendants did not appear, the Clerk entered default against

1    them on June 7, 2021.  ECF No. 52.  On June 28, 2021, Plaintiff notified the Court that it had
2    settled its claims against Defendant Shi and was dismissing those claims, leaving only the
3    defaulting defendants.  ECF No. 60.  The Court approved the dismissal of the claims against Shi
4    and requested that Plaintiff file a motion for default judgment against the remaining defendants.
5    ECF Nos. 61, 63.  Plaintiff filed this Motion on July 30, 2021.  ECF No. 64.

**II.    LEGAL STANDARD**

Following an entry of default, Federal Rule of Civil Procedure 55(b)(2) permits a court to enter default judgment against a defendant who has failed to plead or otherwise defend.  *See* Fed. R. Civ. P. 55(a), (b)(2).  "The district court's decision whether to enter a default judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising its discretion to enter default judgment, a court must first find that it has jurisdiction over the action and defendant, and that the party against whom default judgment is requested was adequately served.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *Disney Enters., Inc. v. Vuong Tran*, No. 12-5030 SC, 2013 WL 1832563, at *1 (N.D. Cal. May 1, 2013).  A district court then considers seven factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon default, all factual allegations in the complaint are taken as true, except those relating to damages.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  "The purpose of this rule is to ensure that a defendant is put on notice of the damages being sought against it so that he may make a calculated decision as to whether or not it is in his best interest to answer."  *Alameda Cty. Elec. v. Banister Elec., Inc.*, No. C 11-04126 LB, 2012 WL 3042696, at *1 (N.D. Cal. July 25, 2012) (citing *In re Ferrell*, 539 F.3d 1186, 1192–93 (9th Cir. 2008); *see also Bd. of Tr. Of the Sheet Metal Workers Local 104 Health Care Plan v. Total Air Balance Co.*, No. 08-2038 SC, 2009 WL 1704677, at *3–5 (N.D. Cal. June 17, 2009)).  Therefore, a plaintiff seeking money damages must "prove-up" the damages.  *Orange Cty. Elec. Indus. v. Moore Elec. Contracting, Inc.*, No. 11-CV-00942-LHK, 2012 WL 4120348, at *3 (N.D. Cal. Sept. 18, 2012).

To do so, "a plaintiff is generally required to provide admissible evidence (including witness testimony) supporting damage calculations." *Id.* (citing *Cannon v. City of Petaluma*, No. C 11-0651 PJH, 2011 WL 3267714, at *2 (N.D. Cal. July 29, 2011)).

### III.  DISCUSSION

In the Prayer for Relief in its Complaint, Plaintiff requests injunctive relief, compensatory damages "according to the proof," punitive and exemplary damages, prejudgment interest, attorney's fees and costs of suit, and such other and further relief as the Court deems proper. Compl. ¶ 114(a)-(g).  In its motion, Plaintiff seeks ¥36,000,000 in compensatory damages; ¥1,456,767 in prejudgment interest (plus ¥6,904 per day from July 31, 2021 to the entry of judgment); and ¥72,000,000 in exemplary damages.  Motion at 3.  In support of the request in its Motion, Plaintiff provides a single declaration from Yue Fei, the Chief Executive Officer of uSens, supporting the basis for its actual damages calculations.  ECF No. 64-1 ("Fei Decl.").

The Court finds that the Fei Declaration is insufficient for Plaintiff to "prove-up" the damages that it requests in its Motion. *Orange Cty. Elec. Indus.*, 2012 WL 4120348, at *3. Plaintiff has permissibly provided more specificity in its Motion about the amount of actual damages, prejudgment interest, and exemplary damages that it seeks in the Complaint.  *See Twitch Interactive, Inc. v. Johnson*, No. 16-cv-3404-BLF, 2018 WL 1449525, at *9 (N.D. Cal. Jan. 22, 2018) ("So long as a plaintiff requests actual damages in its complaint, it may receive them in a default judgment even though it did not request a specific amount.") (quoting *Shapkin/Crossroads Prods., Inc. v. Legacy Home Video, Inc.*, 122 F.3d 1073, 1997 WL 556312, at *2 (9th Cir. 1997)). But Plaintiff has not provided any basis for the Court to evaluate those amounts, other than bare assertions in the Fei Declaration.  Plaintiff has not provided any exhibits, for example, substantiating the sale price or profit margin of the hand gesture control system. *See* Fei Decl. ¶ 5. Nor is there evidentiary support for the claim that the defaulting Defendants sold the trade secrets to another Chinese company for ¥11,000,000. *See id.* ¶ 6.

The Court cannot impose a default judgment—especially in the amount of almost $17 million—without sufficient admissible evidence "prov[ing]-up" such a request. *Orange Cty. Elec. Indus.*, 2012 WL 4120348, at *3.  The Court will allow Plaintiff to submit, if it chooses, a renewed

motion for default judgment with additional evidence supporting the amounts of actual damages claimed in the Fei Declaration.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment is DENIED WITHOUT PREJUDICE.  If Plaintiff chooses to submit a renewed motion for default judgment that more fully substantiates its request for actual damages, it is ORDERED to do so **no later than September 24, 2021**.

Dated: August 17, 2021

_____
BETH LABSON FREEMAN
United States District Judge

4